UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JANET LEE RASMUSSEN,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES GREG SWANSON, IN HIS OFFICIAL CAPACITY;<br><br>Defendant. | 3:22-CV-03016-RAL<br><br><br>ORDER DENYING COURT APPROVAL OF EXPERT WITHOUT PREJUDICE TO PLAINTIFF HIRING EXPERT |

On January 18, 2024, Plaintiff, who is proceeding pro se, filed Plaintiff's Motion for Court to Approve Expert Witness, Doc. 28. Plaintiff proposes to have Arlo West, CEO of Creative Forensic Services of Lewiston, Maine, enhance a video Defendant produced and otherwise evaluate the video. Plaintiff mentions that West's fee to enhance the video is $1,500 and that West would prefer to testify by Zoom given his distance from Pierre, South Dakota. Plaintiff wants this Court to provide her an "approved list of acceptable experts in this field" if this Court finds West unacceptable.

This Court has a longstanding practice of not "pre-approving" experts for the parties, let alone providing a list of acceptable experts to parties. As a civil litigant, Rasmussen—and not this Court—is to retain and pay the expert. Reyna v. Weber, No. Civ. 11-4044, 2012 WL 2999768, at *2 (D.S.D. June 29, 2012). This Court sees nothing within West's resume and experience to question his expertise in the realm of video evidence, though proper foundation for his opinion will have to be laid prior to any expert testimony he might give. If both parties agree to have him

testify by Zoom, this Court takes no issue with that. This Court, however, notes that the discovery deadline has elapsed, and Defendant may well object to the late disclosure of an expert, though it is premature for this Court to address any such issue prior to the expert's retention and rendering of an opinion. If Plaintiff hires an expert witness, she must make the required disclosure under Rule 26(a)(2) of the Federal Rules of Civil Procedure. Therefore, it is

ORDERED that Plaintiff's Motion for Court to Approve Expert Witness, Doc. 28, is denied without prejudice to hiring the expert herself and making the disclosure under Fed. R. Civ. P. 26(a)(2), in which case this Court can take up any objection to late disclosure of an expert.

DATED this 13th day of February, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE